UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MARQUIS DAVIS,

                                    Plaintiff,

                 -against-

THE CITY OF NEW YORK, MICHELE HERBST,
KELVIN PEREZ, and SHANE A. MAYNARD,

                                    Defendants.
-------------------------------------------------------------------x

**DEARIE, J.**
**POLLAK, M.J**

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff MARQUIS DAVIS, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ. PLLC,** complaining of the Defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1981 and §1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Constitution of the State of New York. The Plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §1981 and §1983.

3.      Venue herein is proper for the United States District Court for the Eastern District of
New York under 28 U.S.C. §1391 (a), (b), and (c).

## PARTIES

4.      Plaintiff MARQUIS DAVIS at all times hereinafter mentioned was a citizen of the
United States residing in the State of New York, County of Kings.

5.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly
organized and existing under and by virtue of the laws of the State of New York.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a
municipality entitled, created, and authorized to maintain a police department, which acts as its
agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE
CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the
employment of police officers as said risk attaches to the public consumers of the services
provided by the New York City Police Department.

7.      Defendants HERBST, PEREZ, and MAYNARD are and were at all times relevant herein
duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW
YORK and/or the New York City Police Department, a municipal agency of Defendant THE
CITY OF NEW YORK. HERBST, PEREZ, and MAYNARD are and were at all times relevant
herein acting under color of state law in the course and scope of their duties and functions as
officers, agents, servants, and employees of Defendant THE CITY OF NEW YORK, were acting
for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW
YORK and the New York City Police Department, and were otherwise performing and engaging

2

in conduct incidental to the performance of their lawful function in the course of their duties. Defendants HERBST, PEREZ, and MAYNARD are sued individually.

## STATEMENT OF FACTS

8.      On June 8, 2011 at approximately 10:30 a.m. Plaintiff was lawfully walking down Halsey Street near Knickerbocker Avenue in the County of Kings, in the confines of the 83rd Precinct.

9.      The defendants, in an unmarked police vehicle, intercepted Plaintiff's path by driving their vehicle onto the sidewalk. The Defendant's jumped out of the vehicle and approached Plaintiff and said to him "we just need to search you". They found $404.00 in Defendant's pocket and asked him "what are you doing with all this money?"

10.     Defendant's then took Plaintiff's iPhone from him and placed him in handcuffs. He was then brought to the 83rd Precinct, where he was so savagely beaten by Defendants -for attempting to resist an illegal and highly intrusive cavity search- that he had to be treated in the emergency room at Wyckoff Hospital. No contraband was found on Plaintiff's person. [1]

11.     Defendants then proceeded to fabricate evidence and submit perjured affidavits to the district attorneys office charging Plaintiff with felony drug sale. This is not the first time this allegation has been made against Defendant Herbst.[2]

---

[1] It should be noted that there appears to be a high incidence of unlawful strip and/or cavity searches occurring in the 83rd Precinct in an effort to find evidence to subsequently justify false arrests. See *Prospero v. The City of New York*, 08cv3269; *Meredith v. City of New York*, 09cv1220; *Jackson v. The City of New York*, 09cv2715; *Santiago v. The City of New York*, 13cv1643. Notably Defendants Herbst and Perez are named in several of these cases.
[2] *See Meredith v. The City of New York*, which the City quietly settled for $45,000.00.

12.     At this arraignment in the criminal court bail was set at $2,500.00 which caused him to remain in custody for an additional two days before his family could post the same.  In total he spent four days in jail.

13.     Despite being charged with felony drug sale, all of the felony charges were subsequently dismissed.  Upon information and belief the Defendants refused to come to criminal court and testify about this incident and thus the district attorney was forced to dismiss the action after approximately twelve court appearances.

## AS AND FOR A FIRST CAUSE OF ACTION
(U.S.C. §1983 Deprivation of Rights)

14.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15.     By their conduct and actions in arresting, imprisoning, failing to intercede on the behalf of Plaintiff, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of Defendants HERBST, PEREZ, and MAYNARD, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1981 and §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(*Monell* Liability of Defendant the City of New York for Constitutional
Violations, Negligent Hiring, Screening, Retention, Supervision, and Training)

17.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18.     At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants HERBST, PEREZ, and MAYNARD had de facto policies, practices, customs, and usages which where a direct and proximate cause of the unconstitutional conduct alleged herein.

19.     At all times material to this Complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendants HERBST, PEREZ, and MAYNARD had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers and of failing to inform the individual Defendants' supervisors of their need to train, screen, supervise, or discipline said Defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.  As noted in Footnotes 1 and 2 below the City of New York was on notice as to the propensity of the Defendant's for misconduct; indeed they have paid out hundreds of thousands of dollars settling lawsuits involving Defendant's Herbst and Perez.

20.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest)

21.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22.     By the actions described above, Defendants HERBST, PEREZ, and MAYNARD falsely arrested and imprisoned Plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States.

23.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, costs, and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Excessive Force)

24.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

25.     The force used by Plaintiffs in forcing the Defendant to consent to a cavity search was objectively unreasonable.  In fact there was no basis to conduct such a search in the first place. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States.

6

26.     As a result of the foregoing, Plaintiff suffered bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Prosecution)

27.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

28.     By their actions in falsely arresting and fabricating evidence against Plaintiff the Defendants maliciously prosecuted Plaintiff. The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the United States.

29.     As a result of the foregoing, Plaintiff suffered great humiliation, costs, and was otherwise damaged and injured.

**WHEREFORE,** Plaintiff demands the following relief jointly and severally against all of the Defendants:

a.      Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

b.      Punitive damages in the amount of $2,000,000.00 (Two Million Dollars). [3]

c.      Costs and attorney's fees.

---

1.      [3] Punitive damages are sought as to Defendants HERBST, PEREZ, and MAYNARD.

7

d.      Such other and further relief as this court may deem appropriate and equitable.


Dated: Brooklyn, New York
       April 8, 2013


                                    Respectfully submitted,


                                    SCOTT G. CERBIN, ESQ., PLLC
                                    Counsel for the Plaintiff


                                    By: Scott G. Cerbin (SC5508)
                                    16 Court Street, Suite 2901
                                    Brooklyn, New York 11241
                                    (718) 596-1829


8